THOMPSON'S EXPRESS AND STORAGE COMPANY

*v.*

JOHN WHITEMORE et al.

[Decided December 13th, 1917.]

1. A railroad company may contract with an express company for the exclusive right to use the station platform for the business of the express company.

2. Such contract does not create a monopoly.

3. Under such contract the express company is entitled to an injunction against others soliciting such business, when actual damage could not be ascertained, and a denial of the injunctive relief would tend to promote a multiplicity of suits.

On bill, &c.

*Mr. Wilfred H. Jayne, Jr.,* for the complainant.

*Mr. Harry E. Newman,* for the defendants.

FOSTER, V. C.

The testimony in this case was taken before me last spring and a time fixed for the filing of briefs. Because of the illness of Mr. Newman, and the destruction of his office and records by fire, I have from time to time extended the date for the filing of his brief until the present time, and although he has recovered his health and is again in active practice, and was notified by me some weeks ago that I would decide the case at the first opportunity, he has not answered my letter or filed his brief, nor has he requested further time in which to do so. I feel under all the circumstances that the court and complainant have granted counsel and his clients all the delay they can reasonably expect, and that the matter should now be decided.

The bill is filed to have defendants restrained from soliciting trade, for the transportation of passengers and baggage, on the platform of the railroad station at Lakewood, Ocean county.

On the hearing the following facts were established:

Prior to September 1st, 1914, passengers arriving at the railroad station were annoyed; their comfort, convenience and safety interfered with, and their passage obstructed in alighting from trains, by the occupancy of the station platform by large numbers of solicitors and by their importunate solicitations for the transportation of such passengers and their baggage. The railroad company made repeated efforts to stop this annoyance and to regulate such solicitation, but without success, and in order to more effectually accomplish these objects, the company, on September 1st, 1914, entered into a contract with complainant, by which, for an annual payment of $500, it gave complainant the exclusive privilege of soliciting such business on the station platform for the term of five years. This contract is still in force and complainant is operating under it. The terms of the contract require that complainant use all proper efforts to prevent others from soliciting such business on the platform and to keep all other solicitors therefrom. Complainant apparently has a complete equipment for the business and, except when interfered with by the defendants, and other solicitors, it has performed its contract to the satisfaction of the public and the railroad company.

Defendants were duly informed of the terms of this contract, but, notwithstanding this information, and against the protest of the complainant and of the railroad company, they have ignored complainant's rights thereunder and have continued to solicit such trade upon the station platform, and have thereby taken from complainant a substantial part of its business. During the winter season, from twelve to fourteen passenger trains arrive at the station daily, carrying a great many passengers and a considerable quantity of baggage.

These facts are not seriously disputed by the defendants; but they claim, notwithstanding them, that they have the right to solicit such business on a railroad platform, which they contend is, for such purpose, to be regarded as public property; and, further, because they claim the contract between the railroad company and complainant is illegal, in that it creates a monopoly of such business in favor of complainant, and that if they are wrong in these contentions, complainant should not prevail, because it has a remedy at law and should not obtain relief in a court of equity.

The platform of the railroad station is legally regarded as private property between the railroad company and those of the general public who have no occasion to use it for the purposes of transportation; and I do not know of anything to justify the defendants' assumption that they have the right to use the property of the railroad company, without compensation, and against the company's protest, for the prosecution of their business for their personal gain. Contracts relating to the use of railroad property, similar, in effect, to the one under consideration, have been quite uniformly sustained, upon the theory that the grant by a railroad company to a single corporation or individual of the exclusive privilege of soliciting on its property the transportation of passengers and baggage, upon terms that do not interfere with the reasonable accommodations of its patrons, is regarded as a means devised for the convenience of the passengers and the company, which will conduce to the comfort and safety of the former and be an aid to the latter in the proper performance of its public duties; and because such an arrangement does not interfere with defendants' right to deliver passengers and

baggage at the station, and to take therefrom such as they have previous orders for. Such an arrangement is not regarded as creating a monopoly, in the odious sense of that word, or as involving an improper use by the railroad company of its property. *Donovan* v. *Pennsylvania Railroad Co., 199 U. S. 295; Old Colony Railroad Co.* v. *Tripp, 147 Mass. 85; New York Railway Co.* v. *Scovill, 71 Conn. 136; Heading* v. *Gallagher, 57 Atl. Rep. 225.*

Assuming, as defendants claim, that complainant has a remedy at law, and that it can sue defendants for damages, it must be apparent that in any such action complainant could only recover nominal damages, because of the impossibility of accurately ascertaining its actual damage, and every trespass would give a new right of action, with the like result. The vexation and expenses of such actions, and the great multiplicity of suits resort to this remedy would produce, show that the remedy at law is not adequate, complete or satisfactory. These considerations and the facts of the case justify this court in granting complainant the relief it seeks, and a decree will be advised in accordance with the prayer of the bill.